IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GEORGE JEAN
a/k/a JEAN GEORGE, #660423,
    Petitioner,

vs.                              Case No. 3:05cv379/MCR/EMT

STATE OF FLORIDA,
    Respondent.
_____/

### ORDER AND
### REPORT AND RECOMMENDATION

       This cause is before the court on Petitioner's petition for a writ of mandamus (Doc. 1) and motion to proceed in forma pauperis (Doc. 3).  Petitioner, a Florida state prisoner, petitions this Court for a writ of mandamus directing the Florida state and federal courts to permit him to proceed in forma pauperis in all court actions.  Additionally, he seeks an order vacating the orders issued by federal district courts dismissing his civil actions pursuant to 28 U.S.C. § 1915(g).

       The instant case presents the issue of whether the "three strikes" provision of section 1915(g) prevents Petitioner from filing a petition for a writ of mandamus in this Court without first paying the applicable filing fee, when his petition arises from an underlying civil rights action, indisputably a "civil action."[1]  Initially, Petitioner has filed three or more actions which count as "strikes" for purposes of section 1915(g), and this Court has previously denied Plaintiff leave to proceed in forma pauperis on that basis.  *See* George v. Washington Correctional Institution, et al., Case No.

---

[1] Section 1915(g) of Title 28 provides:
    In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

5:05cv79/SPM/MD (N.D. Fla. May 26, 2005); George v. Washington Correctional Institution et al., Case No. 5:99cv321/MMP/MD (N.D. Fla. Jan. 27, 2000); George v. Cochran, et al., Case No. 5:98cv295/MMP/SMN (N.D. Fla. June 21, 1999). Additionally, the litigation underlying the instant petition is civil in nature and, therefore, is within the scope of section 1915(g).[2] Therefore, this Court concludes the instant petition is subject to the provisions of section 1915(g). *See* In re Crittenden, 143 F.3d 919, 920 (5th Cir. 1998) ("three strikes rule" of section 1915(g) prevented prisoner from filing petition for writ of mandamus in federal circuit court without first paying filing fee where prisoner sought order directing district court to withdraw its order denying prisoner's request to proceed in forma pauperis in appeal of dismissal of civil rights action); In re Washington, 122 F.3d 1345 (10th Cir. 1997) (same); Martin v Untied States, 96 F.3d 853, 854 (7th Cir. 1996) (if litigation in which mandamus is being sought is civil in nature, petition for mandamus must comply with provisions of Prison Litigation Reform Act of 1996, Pub.L. 104-134, Title VIII, 110 Stat. 1321); In re Nagy, 89 F.3d 115, 116 (2d Cir. 1996) (PLRA requirements apply to extraordinary writs that seek relief analogous to civil complaints under 42 U.S.C. § 1983, but not to writs directed at judges conducting criminal trials).

Having concluded that section 1915(g) applies in the instant action, the court notes that Petitioner does not allege he is under imminent danger of serious physical injury. Therefore, Plaintiff cannot proceed in forma pauperis.

The Eleventh Circuit has mandated that, in a case where a prisoner plaintiff/petitioner who is subject to the "three strikes" provision requests leave to proceed in forma pauperis but is denied leave, the district court must dismiss the case. *See* Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002). Dismissal should be without prejudice to Petitioner's initiating a new cause of action accompanied by payment of the $250.00 filing fee in its entirety.

Accordingly, it is **ORDERED**:

Petitioner's motion to proceed in forma pauperis (Doc. 3) is **DENIED**.

And it is respectfully **RECOMMENDED**:

---

[2] Indeed, the instant petition was originally filed in Case No. 5:05cv79/SPM/MD, a civil rights action (*see* Doc. 37). The district judge construed the petition as an initial pleading in a new case and directed the clerk to open a new case, which is the instant case.

Case No.: 3:05cv379/MCR/EMT

1.      That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

2.      That any pending motions be **DENIED** as moot.

3.      That the clerk be directed to close the file.

At Pensacola, Florida, this 27th day of October 2005.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**